UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JOSEPH A. MCDOWELL, | ) | CASE NO. 3:16-cv-03086 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES G. CARR |
| v. | ) | |
| | ) | **DEFENDANTS' MOTION TO DEEM** |
| MANAGEMENT & TRAINING CORP., | ) | **ADMISSIONS ADMITTED OR,** |
| et al., | ) | **ALTERNATIVELY, TO COMMAND** |
| | ) | **PLAINTIFF TO AMEND ANSWERS** |
| Defendants. | ) | **AND REQUEST FOR AN AWARD OF** |
| | ) | **FEES AND EXPENSES** |
| | ) | |

Defendants Management & Training Corp. ("MTC"), MTC Medical, LLC, Officer Williams, and Lorri Shuler (collectively, "Defendants"), pursuant to Fed. R. Civ. P. 36(a)(6), hereby move this Court for an Order deeming their Requests for Admission admitted or, alternatively, commanding Plaintiff to respond with compliant amended answers to Defendants' Requests for Admission. Moreover, pursuant to Fed. R. Civ. P. 37(a)(5), Defendants move for an award of fees and expenses for having to make this motion.

## I.  The Requests for Admission and Plaintiff's Responses

### A.  Plaintiff's Initial Responses

On June 20, 2018, Defendants served Plaintiff with Requests for Admission, requesting Plaintiff admit or deny nineteen separate items. On June 29, 2018, Plaintiff served his unverified responses on defense counsel. A vast majority of Plaintiff's unverified responses were evasive; contained boilerplate objections that do not pass a common-sense test; and undoubtedly were

drafted without good-faith effort to provide Fed. R. Civ. P. 36-complaint answers. A copy of Plaintiff's Responses to Defendants' Requests for Admission Propounded to Plaintiff is attached hereto as **Exhibit 1**.

Notably, when requested to admit to the truth of certain facts regarding the alleged use of force incident that is central to Plaintiff's claims, Plaintiff gives the same canned, improper responses that call the requests "vague and ambiguous" then refer to Plaintiff's deposition testimony:

> 10. Plaintiff ran away from a corrections officer who told him to stop in the yard at NCCC on June 28, 2015.
>
> **ANSWER:** *objection, asked and answered, vague and ambiguous, this was asked and answered several times during plaintiff's deposition without waiving these objections, he stands by his responses there thus denies.*
>
> 11. Plaintiff had contraband on his person when he ran away from the corrections officer in the yard at NCCC on June 28, 2015.
>
> **ANSWER:** *objection, asked and answered, vague and ambiguous, this was asked and answered several times during plaintiff's deposition without waiving these objections, he stands by his responses there and denies the same here.*
>
> 13. Plaintiff did not report any injuries to his left hand or wrist to medical staff at NCCC on June 28, 2015.
>
> **ANSWER:** *objection, asked and answered, vague and ambiguous, this was asked and answered several times during plaintiff's deposition without waiving these objections, he stands by his responses there and denies the same here.*

While these are only a few examples, every response from Request for Admission No. 10 to 19 was substantially the same, objecting to the question, vaguely referring to deposition testimony, then denying the request. *See* Exhibit 1.

Other responses were also improper, giving both an objection (typically based on attorney client privilege) and a denial when asked about whether Plaintiff has an expert for his claims. *See* Exhibit 1, Request Nos. 1-3, 6-9.

Some of Plaintiff's responses did not affirm or deny, instead giving a narrative response:

4. Plaintiff is not alleging that Lorri Shuler used excessive force upon Plaintiff.

**ANSWER:** *objection, calls for legal analysis and information that is beyond the personal knowledge of plaintiff without waiving these objections, plaintiff is claiming Ms. Schuler threated him and acted discriminatorily towards him.*

*See* Exhibit 1, Request Nos. 4-5.

### B.  Plaintiff's Supplemental Responses

Upon receipt of Plaintiff's responses, undersigned counsel sent Plaintiff's counsel a letter, outlining why each and every response was legally deficient. Affidavit of Kenneth E. Smith, attached hereto as **Exhibit 2**, at ¶ 5; see also **Exhibit 2-A** attached thereto. This letter also requested amended responses by July 27, 2018. Exhibit 2 at ¶ 6; Exhibit 2-A.

Plaintiff's counsel did not provide amended responses by July 27, 2018. Exhibit 2 at ¶ 8. On July 30, 2018, Plaintiff's counsel advised that adjustments to Plaintiff's responses would be sent out by the end of the week. *Id.* at ¶ 9. When responses were not sent by the end of the week, undersigned counsel again requested advisement as to the status of supplemental responses on August 14, 2018. *Id.* at ¶¶ 10-11. Plaintiff's counsel did not respond to this inquiry. *Id.* at ¶ 12.

Finally, on August 29, 2018, Plaintiff's counsel sent the revised responses to the Requests for Admission, changing responses to Requests No. 10-19. *Id.* at ¶ 13. The revised responses remain deficient, still providing boilerplate objections and improper responses. *Id.* at ¶ 14. A copy of Plaintiff's Amended Responses to Defendants' Requests for Admission is attached hereto as **Exhibit 3**.

For instance, Plaintiff's revised responses in Request Nos. 10-13 now direct to specific pages (not lines) of Plaintiff's deposition, but are substantially the same as the original responses:

10. Plaintiff ran away from a corrections officer who told him to stop in the yard at NCCC on June 28, 2015.

**ANSWER:** *objection, asked and answered at plaintiff's deposition, transcript at 20-21, without waiving this objection, plaintiff denies.*

11. Plaintiff had contraband on his person when he ran away from the corrections officer in the yard at NCCC on June 28, 2015.

**ANSWER:** *objection, asked and answered at plaintiff's deposition, transcript at 25 & 29, further plaintiff asserted there and he does so here his 5th Amendment right to not incriminate himself, thus denies.*

13. Plaintiff did not report any injuries to his left hand or wrist to medical staff at NCCC on June 28, 2015.

**ANSWER:** *objection, asked and answered at plaintiff's deposition, transcript at 54-55, 57, admit in part, denies in part as the C.O.s threatened me so I did not say anything on June 28, 2015.*

Plaintiff continually provides non-compliant objections followed by blanket denials or responds by referring to deposition testimony. The revised responses are therefore lacking in the same ways as the original responses.

## II.     Plaintiff's Improper and Insufficient Responses

Fed. R. Civ. P. 36 provides a mechanism for addressing the sufficiency of an answer or objection to requests for admission:

> The requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served. The court may defer its final decision until a pretrial conference or a specified time before trial. Rule 37(a)(5) applies to an award of expenses.

Fed. R. Civ. P. 36(a)(6).

The extensive use of boilerplate objections constitutes failure to comply with Fed. R. Civ. P. 36:

> Further, even if Cornell's requests were improper, ORW's extensive use of a boilerplate objection constitutes a failure to comply with Rule 36(a). "**Merely stating that a discovery request is vague or ambiguous, without specifically stating how it is so, is not a legitimate objection to discovery.**" *U.S. Commodity*

> *Futures Trading Comm'n v. Am. Derivatives Corp.,* No. 1:05–CV–2492, 2007 WL
> 1020838, at *3 (N.D.Ga. Mar. 30, 2007). The FRCP contemplates a harsh response,
> at the Court's discretion, for a failure to answer or satisfactorily object to a request—
> the Court may declare the request admitted. Fed.R.Civ.P. 36(a)(3).

*Old Reliable Wholesale, Inc. v. Cornell Corp.*, N.D.Ohio No. 5:06CV02389DDD, 2008 WL

2323777, *1 (emphasis added).

Where a person responding to requests for admission uses a boilerplate objection followed

by an "affirm or deny" answer, they have essentially submitted two responses to one request – also

improper under Fed. R. Civ. P. 36. *Id.* at *2 ("After objecting to these requests as 'vague and

ambiguous,' ORW admitted Request 72 and denied Requests 73 and 75. Basically, ORW submits

two responses to the same request, which is impermissible under Rule 36.").

Here, Plaintiff initially responded to eighteen of the nineteen Requests with objections

followed by a denial. Exhibit 1, Request Nos. 1-4; 6-19. In his amended responses (where he

amended only Requests No. 10-19), he maintained the same practice, objecting and denying

Requests No. 10-13 and 16-17.  *See* Exhibit 3.

Not only are there multiple responses to nearly every Request, but the objections

themselves are improper boilerplate objections. The fact that every response to Requests No. 10

to 19 – each of which requests Plaintiff admit or deny a fact surrounding an alleged use of force

incident – was "vague and ambiguous" and was "asked and answered" demonstrated the lack of

meaningful response in the original responses. *See* Exhibit 1. In the amended responses, Plaintiff

used "asked and answered at plaintiff's deposition" as an objection in six of the 10 amended

responses he provided. *See* **Exhibit 3**.

Plaintiff cannot merely refer to answers he gave at deposition in responding to requests for

admission. While Plaintiff's evasive responses are unusual and uncommon in this district, other

circuits have held that referring to deposition testimony in responding to requests for admission is improper:

> [T]he defendants offer two explanations for Charles' failure to respond . . . they argue that a response was not necessary because the same questions raised in the request for admissions were asked and answered in the depositions that took place both before and after the date they received the request for admissions. The defendants misinterpret Rule 36. **The use of an alternative form of discovery does not eliminate the requirement that a request for admissions be answered within 30 days**. *See Mangan v. Broderick and Bascom Rope Co.,* 351 F.2d 24 (7th Cir.1965) (unanswered requests are not abandoned by the subsequent filing of interrogatories addressed to the same subject). Although there may be some overlap in the information requested in the various forms of discovery, **parties are not allowed to pick and choose when to respond based on their own determination of whether they have previously answered the questions presented**. Kasuboski's participation in depositions does not excuse his failure to respond to the request for admissions.

*United States v. Kasuboski*, 834 F.2d 1345, 1349 (7th Cir.1987) (emphasis added).

Even assuming, *arguendo*, it were proper for Plaintiff to respond to these admissions by referring to his deposition testimony, his denials are inconsistent with his testimony. For example, Plaintiff testified at his deposition that he ran away from a corrections officer who told him to stop in the yard at North Central Corrections Complex on June 28, 2015; that he did not report any injuries to NCCC staff on June 28, 2015; and that he did not report any injuries to NCCC staff while he was in segregation following the June 28, 2015 incident. Excerpts of Plaintiff's Deposition Transcript are attached hereto as **Exhibit 4**. Plaintiff also responds to several requests as having been "asked and answered" in his deposition, when in fact Plaintiff never answered these (or similar) questions during deposition.

In sum, Plaintiff's responses give multiple answers per request; advance boilerplate objections; and are inconsistent with Plaintiff's prior testimony. Considering these in total, it stands to reason that Plaintiff's responses were submitted in bad faith the first time, then when confronted about the non-compliant responses, were amended in bad faith. Each and every non-compliant

response to a Request for Admission – that is, all except for Request Nos. 14 and 19 - should be ordered as admitted. Alternatively, Plaintiff should be commanded to provide amended responses.

### III.    Defendants Are Entitled to Fees and Expenses in Making this Motion

Fed. R. Civ. P. 37(a)(5) provides that upon making a motion under Fed. R. Civ. P. 36, "[i]f the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."

The Sixth Circuit has held that fees and expenses must be awarded when a party fails to answer requests for admission sufficiently and/or where the party gives unreasonable denials:

> If a party serves another party with a request for admission under Rule 36(a)(1), and the requesting party is dissatisfied with the sufficiency of the answer, the requesting party may ask the court to intervene. Fed.R.Civ.P. 36(a)(6). If the court intervenes on behalf of the requesting party, Rule 36(a)(6) permits the court to award any fees and expenses available under Rule 37(a)(5)—including fees and expenses "incurred in making the motion." Once again, we can discern no rationale for permitting the district court to award these fees and expenses when a party provides an insufficient answer to a request for admission but not when the party unreasonably denies the request for admission. **An improper denial causes no less damage than an evasive answer, and the Federal Rules of Civil Procedure deter both with comparable force**. In both instances, adequate deterrence is enhanced if the district court is able to charge noncompliant or evasive litigants for the costs of the fee application—an application directly attributable to their own conduct. *See* 7 *Moore's Federal Practice* § 37.70 (3d ed.2013) (stating that an "important purpose" of the expense-shifting sanction codified in Rule 37(c)(2) is to establish incentives for litigants "to respond reasonably and in good faith to appropriate requests for admissions").

> To harmonize Rule 37(c)(2) with other Rule 37 provisions serving a substantially similar purpose, we interpret the scope of Rule 37(c)(2) to encompass reasonable attorney's fees and costs associated with the preparation and presentation of the fee application. **Because Rule 37(c)(2) requires rather than merely permits the district court to make the award, the district court's discretion is circumscribed. Only fees and costs that the court determines to be unreasonable may be withheld**.

*McCarthy v. Ameritech Pub., Inc.*, 763 F.3d 488, 493–94 (6th Cir.2014) (emphasis added).

For the reasons outlined above, Plaintiff has provided both evasive responses and improper denials within his responses to Defendants' Requests for Admission and in his amended responses to the same. Defendants are entitled to a mandatory award of fees and expenses if this motion is granted or if Plaintiff is compelled to provide further amended responses.

## IV.    <u>Conclusion</u>

Plaintiff has provided improper and insufficient responses to Defendants' Requests for Admission. As such, the admissions should be deemed admitted or, in the alternative, this Court should command Plaintiff to provide another set of amended responses. Regardless, Defendants must be awarded reasonable fees and expenses for Plaintiff's failure to provide adequate responses twice over.

Respectfully submitted,

*/s/  Kenneth E. Smith*
TIMOTHY T. REID (0007272)
MICHAEL P. QUINLAN (0066718)
KENNETH E. SMITH (0090761)
Mansour Gavin LPA
North Point Tower
1001 Lakeside Avenue, Suite 1400
Cleveland, OH 44114
(216) 523-1500; Fax (216) 523-1705
treid@mggmlpa.com
mquinlan@mggmlpa.com
ksmith@mggmlpa.com
*Attorneys for Defendants*

### CERTIFICATE OF SERVICE

A copy of the foregoing DEFENDANTS' MOTION TO DEEM ADMISSIONS ADMITTED OR, ALTERNATIVELY, TO COMMAND PLAINTIFF TO AMEND ANSWERS AND REQUEST FOR AN AWARD OF FEES AND EXPENSES was filed electronically this 13th day of September, 2018. Notice of this filing will be sent to the parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/  Kenneth E. Smith*
KENNETH E. SMITH (0090761)
*Attorney for Defendants*