# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| Joseph A. McDowell, | Case No. 3:16CV3086 |
| Plaintiff | |
| v. | **ORDER** |
| Management & Training Corporation, et al., | |
| Defendants | |

This is one of several suits that plaintiff's counsel has filed on behalf of inmates (or former inmates) at a prison in Marion, Ohio, that defendant Management & Training Corporation (MTC) operates for the Ohio Department of Rehabilitation and Corrections.

On plaintiffs' counsel's motions in the other cases, I have dismissed the federal claims with prejudice and the state law claims without prejudice. Counsel has, in turn, filed some of those state-law claims in the Common Pleas Court of Marion County, Ohio.

Pending in this case is counsel' s motion for leave to dismiss this suit under Fed. R. Civ. P. 41(a) without prejudice. (Doc. 38), which MTC counsel opposes, but only on the ground that the dismissal should be with prejudice. (Doc. 39).

In support of the defendant's opposition to a dismissal without prejudice, counsel points to the rather extreme tardiness of plaintiff's expert's report. In reply to this issue, plaintiff's counsel states that, before she can obtain and provide such report, she needs to locate and depose a former Corrections Officer now believed to be living somewhere in Arizona. (Doc. 40, PageID 328).

That explanation suffices to persuade me that granting dismissal without prejudice is appropriate. It seems quite likely that if efforts to locate that witness are unavailing, refilling, whether in this court or in Marion County, is unlikely.

All counsel have worked with commendable diligence and professionalism in representing their respective parties, and the challenges each has faced, now faces, and probably will face until the overall litigation comes to an end are, for each, daunting. As they are for the parties. I do not fault MTC counsel for opposing dismissal without prejudice, and thereby protecting his client's best interests. In the end, this litigation may return, but at this point, given the practicalities confronting plaintiff's counsel, that appears somewhat doubtful. If it does, because plaintiff's counsel has located the now MIA witness, I assume that she will prosecute the matter diligently, and meet whatever deadlines I or the state court judge may set.

It is, accordingly, hereby

ORDERED THAT plaintiff's motion for leave to dismiss this case under Fed. R. Civ. P. 41(a) without prejudice be, and the same hereby is granted.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge